**SO ORDERED.**

**SIGNED this 21 day of November, 2006.**

_____
**JAMES D. WALKER, JR.
UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | CASE NO. 06-10273-JDW |
| DEBORAH D. JONES, | ) | |
| | ) | |
| DEBTOR. | ) | |
| | ) | |
| DEBORAH D. JONES, | ) | ADVERSARY PROCEEDING |
| | ) | NO. 06-1011 |
| PLAINTIFF, | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| INTERNAL REVENUE SERVICE, | ) | |
| | ) | |
| DEFENDANT. | ) | |

BEFORE

JAMES D. WALKER, JR.

UNITED STATES BANKRUPTCY JUDGE

<u>COUNSEL</u>

For Plaintiff:        F. Anthony Blakey
                      Post Office Box 70879
                      Albany, Georgia 30708

For Defendant:        Rebecca L. Bower
                      Post Office Box 14198
                      Washington, D.C. 20044

**MEMORANDUM OPINION**

This matter comes before the Court on Plaintiff's complaint to recover seized funds claimed as exempt and Defendant's motion for summary judgment. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(O). After considering the pleadings, the evidence, and the applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.

**Undisputed Facts**

Debtor-Plaintiff Deborah Jones filed a Chapter 13 petition on March 28, 2006. On Schedule B, Plaintiff listed anticipated income tax refunds of $4,732 and claimed that amount as exempt on Schedule C. On April 6, 2006, Defendant, the Internal Revenue Service, filed a proof of claim for $4,773.71 relating to tax year 2002, including a priority claim of $3,243.63 and a general unsecured claim of $1,530.08.

Plaintiff filed tax returns for 2004 and 2005, indicating she had overpaid her taxes for each year. Defendant offset Plaintiff's 2004 overpayment in the amount of $957, and applied it to Plaintiff's 2002 tax liability. Defendant also offset part of the 2005 overpayment in the amount of $3,544.88, and applied it to the 2002 tax liability. Defendant issued Plaintiff a refund for $912.12 for the balance of overpayments after setoff. Because the two setoffs satisfied the tax liability in full, Defendant withdrew its proof of claim.

On June 9, 2006, Plaintiff filed a complaint alleging Defendant improperly setoff funds claimed as exempt. The Court held a hearing in the case on September 5, 2006, which was followed by Defendant's motion for summary judgment. For the reasons set forth below, the

Court will grant the motion and enter judgment for Defendant.

## Conclusions of Law

### Summary Judgment Standard

Summary judgment is governed by Federal Rule of Bankruptcy Procedure 7056, which applies Federal Rule of Civil Procedure 56 to adversary proceedings. Pursuant to Rule 56, the Court must grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In addition, Local Rule 7056-1(a) requires the movant to submit a statement of uncontested facts. Within 20 days of service of the statement, the opposing party must submit a response indicating whether it controverts any of the movant's facts. L.R. 7056-1(b). If the opposing party fails to file such a response, "[a]ll material facts set forth in the statement served by the moving party may be deemed admitted." L.R. 7056-1(c).

Because the national rule offers no specifics, the effect of responding or failing to respond to a motion for summary judgment varies in each District, but each District in Georgia provides a similar local rule. For example, in the Bankruptcy Court for the Northern District of Georgia, the local rule requires the movant to provide a numbered statement of facts. The respondent must respond to each numbered fact. Any fact the respondent fails to controvert is deemed admitted. Bankr. N.D. Ga. L.R. 7056-1. The Bankruptcy Court for the Southern District of Georgia has adopted the District Court's local rule, which also requires the movant to submit a statement of material facts. All such facts will be deemed admitted unless controverted by the respondent. S.D. Ga. L.R. 56.1.

In this case, Defendant filed the required statement of uncontested facts, but Plaintiff filed no response within the time limit. Therefore, the facts set forth by Defendant will be deemed admitted by Plaintiff.

### Improper Setoff

The legal question in this case is whether Defendant may setoff an anticipated tax refund Plaintiff has claimed as exempt.[1] The right to setoff in bankruptcy is set forth in § 553:

> Except as otherwise provided in this section and in sections 362 and 363 of this title, <u>this title does not affect any right</u> of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case ...."

11 U.S.C. § 553(a) (emphasis added). The statute goes on to list exceptions not applicable in this case. The parties do not dispute the tax debt in question meets all the requirements for setoff (mutual prepetition obligations between the debtor and creditor).

Plaintiff has argued § 522(c)(1) also is relevant. That section provides exempt property is not liable for any prepetition debts, with some exceptions, including priority tax debt. Plaintiff has contended amendments to the statute have eliminated the priority tax debt exception. However, the Court need not interpret § 522(c)(1) because it is irrelevant to the issue, as it deals with postpetition efforts to collect on a nondischargeable debt. For example, if Defendant wanted to levy on exempt equity in Plaintiff's home, § 522(c)(1) would come into play. However, an amount subject to setoff is an entirely different creature; it is defined as a secured

---

[1] Plaintiff has conceded Defendant did not violate the automatic stay by effecting the setoff. 11 U.S.C. § 362(b)(26).

5

claim by § 506(a)(1).[2]  Furthermore, § 553 expressly states, with some exceptions not relevant here, nothing in the Bankruptcy Code affects the creditor's right of setoff.  It does not grant a new right of setoff, but preserves any such existing right under nonbankruptcy law.  In re Pigott, 330 B.R. 797, 799 (Bankr. S.D. Ala. 2005).

Courts are split on the question of whether the IRS may setoff prior unpaid tax liability against a debtor's current anticipated refund.  In the earlier cases, courts found either that setoff was not permitted (the majority view) or that it was permitted (the minority view).  More recently, courts have followed a third path, holding the anticipated refund is not estate property until after any setoff has been applied.

**Setoff is impermissible:**  The majority view depends, in part, on § 522(c), which bars a creditor from collecting prepetition debt (except priority tax debt and domestic support obligations) from exempt property.  This mandate, the majority reasons, conflicts with the setoff provision.  For three reasons, § 522(c) should prevail to the extent of the exemption.

> First, if the court found that a creditor could exercise a right of setoff against exempt property, § 522(c) would be nullified. As a result, a debtor would completely lose the ability to exempt property from the reach of creditors possessing a right of setoff under § 553(a).  In contrast, by construing the provisions to allow a setoff to the extent that the debtor has not exempted property, the court gives effect to both § 522(c) and § 553(a). ...
>
> Second, the chief policy behind the Bankruptcy Code–providing the debtor with a fresh start–is furthered under [this view]. ... Although it is not to throw creditors' rights to the wayside, the court must, whenever possible, construe the provisions of the

---

[2] "An allowed claim of a creditor ... that is subject to setoff under section 553 of this title, is a secured claim ... to the extent of the amount subjection to setoff ... and is an unsecured claim to the extent that ... the amount so subject to setoff is less than the amount of such allowed claim."  11 U.S.C. § 506(a)(1).

>Bankruptcy Code so as to provide debtors a fresh start. ...
>
>Third, the legislative history of § 522 supports the court's conclusion. Senate Bill 2266 contained a version of § 522(c) that would have allowed the IRS to validly perform the setoff in question. However, that version of § 522(c) was rejected by Congress ....

In re Jones, 230 B.R. 875, 880-81 (M.D. Ala. 1999) (citations omitted); see also Alexander v. IRS (In re Alexander), 225 B.R. 145, 149 (Bankr. W.D. Ky. 1998).

**Right to setoff is unaffected:** The minority view focuses on the language in § 553, which states, "this title does not affect any right of a creditor to offset a mutual debt ...." Since § 522(c) falls within "this title," it cannot prevent a creditor from exercising a valid right to setoff. Such a conclusion does not violate the fresh start policy of the Bankruptcy Code "because a debtor will not be denied the ability to hold property exempt from liability for pre-petition debts. Only creditors who possess a valid setoff right can offset their obligation with a debtor's exempt property." Wiegand v. Tahquamenon Area Credit Union (In re Wiegand), 199 B.R. 639, 642 (Bankr. W.D. Mich. 1996). In addition these courts have noted § 542(b)[3] allows a creditor with a right of setoff to retain property claimed as exempt. This demonstrates an intent by Congress to breach the fresh start policy with respect to setoff. Posey v. IRS, 156 B.R. 910, 916 (W.D.N.Y. 1993).

**Right to setoff is unaffected because the refund is not estate property:** The emerging view is premised on Section 6402 of the Internal Revenue Code, which sets forth the framework

---

[3] "[A]n entity that owed a debt that is property of the estate and that is matured ... shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor." 11 U.S.C. § 542(b).

for tax credits and refunds. It provides as follows:

> In the case of an overpayment, the Secretary, within the applicable period of limitations, may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall, subject to subsections (c), (d) and (e), refund any balance to such person.

26 U.S.C. § 6402(a). Subsections (c), (d), and (e) allow the IRS to setoff an overpayment against past due support, debt owed to federal agencies, and past due state income tax liabilities, respectively. Note the distinction between an overpayment and a refund. The refund is the balance of the overpayment after it has been applied to past tax liabilities. In re Pigott, 330 B.R. 797, 800 (Bankr. S.D. Ala. 2005). Thus, this provision "grants the IRS discretion whether to offset against a debtor's unpaid tax liability or to refund the overpayment to the taxpayer." Beaucage v. U.S., 342 B.R. 408, 411 (D. Mass. 2006). As a result, the debtor is not entitled to a refund to the extent of the unpaid liability. Id.; In re Baucom, 339 B.R. 504, 507 (Bankr. W.D. Mo. 2006); IRS v. Luongo (In re Luongo), 259 F.3d 323, 335 (5th Cir. 2001); Lyle v. Santa Clara Cty. Dept. of Child Servs. (In re Lyle), 324 B.R. 128, 131 (Bankr. N.D. Calif. 2005). In fact, "overpayments are not assets of the taxpayer until the IRS credits any overpayment to unpaid taxes." Pigott, 330 B.R. at 800 (citing Estate of Bender v. Comm'r of Int. Rev., 827 F.2d 884 (3d Cir. 1987)). Consequently, the anticipated refund does not become property of the estate. Beaucage, 342 B.R. at 411; In re Shortt, 277 B.R. 683, 692 (Bankr. N.D. Tex. 2002).

This Court agrees with the emerging view that a debtor has a right to a tax refund only to the extent his overpayment exceeds any pre-existing tax liability. Consequently, the refund does not become estate property subject to exemption until after the IRS has effected any offset. In

this case, Defendant offset Plaintiff's 2004 and 2005 overpayments against Plaintiff's 2002 tax liability, leaving an overpayment balance of $912.12. Only the excess $912.12 became property of the estate to which Plaintiff was entitled to claim an exemption. Therefore, the Court will grant summary judgment to Defendant and deny Plaintiff's request for turnover of funds setoff by Defendant.

An Order in accordance with this Opinion will be entered on this date.

END OF DOCUMENT